In Re: Estate of Allen Goldstein, Deceased.

Argued December 7, 1983, before Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Robert H. Dickman, Goldberg, Dickman and Shalita, P.C.*, for appellant.

*Catherine R. Barone,* Deputy Attorney General, with her *John O. J. Shellenberger,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 27, 1984:

Sally Goldstein, the executrix of the estate of her late husband, Allen Goldstein, has appealed from a final order of the Court of Common Pleas of Montgomery County, Orphans' Court Division, the effect of which was to fix the value, for inheritance tax purposes, of the capital stock of Allen Pontiac, Inc. at $175,218. The executrix contends that the stock should have been valued at $125,968.

Allen Goldstein during his lifetime owned all of the shares of Allen Pontiac, Inc. Shortly before his death the corporation borrowed $100,000 from the General Motors Acceptance Corporation (GMAC) on a promissory note. Allen and Sally Goldstein personally guaranteed repayment of the note and assigned, as collateral, a policy of life insurance in the amount of $100,000 on Allen Goldstein's life, the proceeds of which were payable to Sally Goldstein. At the time of Allen Goldstein's death, $98,500 was owed on the loan. Thereafter, the proceeds of the decedent's life insurance policy, payable to Sally Goldstein, were, as agreed, used to pay the balance due on the corporation's note.

Pursuant to the Inheritance and Estate Tax Act of 1961,[1] Act of June 15, 1961, P.L. 373, *as amended,* 72 P.S. §2485-701 (Act), the executrix filed an Affidavit of Fiduciary with the Register of Wills of Montgomery County. On Schedule F, the Statement of Debts and Deductions, the executrix claimed as a deduction

---

[1] Repealed by Section 1736 of the Inheritance and Estate Tax Act, Act of December 13, 1982, P.L. 1086, 72 Pa. C. S. §1736.

the sum of $49,250,[2] representing the decedent's liability on his guarantee of indebtedness to GMAC. This deduction was allowed by the Register of Wills. On Schedule B, the executrix recorded the decedent's ownership of the capital stock of Allen Pontiac, Inc., which she valued at $125,968. To support this valuation, the executrix attached an operating report of Allen Pontiac, Inc. prepared shortly after the decedent's death on which a $98,500 liability, later identified as the loan from GMAC, was recorded as a long-term liability. The Department of Revenue, noting that this was the same debt for which the executrix had claimed a credit of $49,250 on the Statement of Debts and Deductions, increased the value of Allen Pontiac, Inc. by $98,500 to $224,468. The executrix appealed the department's action claiming that the full amount of the loan from GMAC should be included in appraising the value of Allen Pontiac, Inc.

The court of common pleas observed that the deduction of $49,250 as Allen Goldstein's share of the loan guaranty and the recognition of the full amount of $98,500 owed GMAC as a liability of Allen Pontiac, Inc. would mean that the estate would escape inheritance tax on $147,750 on account of an indebtedness of only $98,500. The court concluded that this would ''be wrong in the broad sense'' and on the principle of piercing the corporate veil, decided to treat the decedent and his corporation as one. It considered the $49,250 allowed as deduction on account of the guarantee as having the effect of reducing the $98,500 indebtedness to $49,250, and fixed the value of Allen Pontiac, Inc. at $175,218.

---

[2] The actual figures concerning these items as of the date of the decedent's death were $98,500 owed on the loan, one-half of which was of course $49,250. The filings use variously, $100,000, $50,000, $98,500 and $49,250. We use the latter figures throughout.

The executrix contends that the operating report submitted with the Affidavit of Fiduciary accurately reflects the value of the capital stock of Allen Pontiac, Inc. on the date of the decedent's death as $125,968; that the propriety of the deduction of $49,250 was not in issue; and that there was no occasion here for piercing the corporate veil. The executrix additionally contends that the exclusion of a portion of the corportation's debt in calculating its value results in the unlawful taxation of Sally Goldstein's insurance proceeds which were used to pay the debt.

Our review of the record compels us to conclude that the trial court decided the matter properly.

A court may disregard the existence of a corporation wholly owned by an individual whenever justice and public policy demand and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless. *Ashley v. Ashley*, 482 Pa. 228, 393 A.2d 637 (1978); *Barium Steel Corp. v. Wiley*, 379 Pa. 38, 108 A.2d 336 (1954); *Kellytown Co. v. Williams*, 284 Pa. Superior Ct. 613, 426 A.2d 663 (1981).

The decedent's estate should not have claimed and the Register of Wills should not have allowed the $49,250 deduction on the decedent's Statement of Debts and Deductions. Section 639 of the Act, 72 P.S. §2485-639 provides that liabilities arising from the decedent's status as guarantor shall be deductible "except to the extent that it can reasonably be anticipated that the decedent's estate will be exonerated or reimbursed by others. . . ." Here, there were insurance proceeds designated to satisfy the debt to GMAC and thereby exonerate the decedent's estate of liability. The estate was however entitled to have the corporation's indebtedness to GMAC in the amount of $98,500 allowed somehow.

438

We agree with the court that justice and public policy justify treating this estate in a fashion which provides it with a tax benefit in an amount equal only to the obligation to GMAC; and this it did by reducing the value of the corporation by $49,250.

We disagree with the executrix's contention that the increase in the value of the corporation has the effect of taxing the proceeds of insurance contrary to Section 303 of the Act, 72 P.S. §2485-303. The trial court effectively allowed the decedent's estate the full benefit of Allen Pontiac, Inc.'s indebtedness to GMAC. No insurance proceeds were included in the Affidavit of Fiduciary filed by the executrix and none were taxed.

Order affirmed.

### ORDER

AND Now, this 27th day of February, 1984, the final order of the Court of Common Pleas of Montgomery County dated September 25, 1981 is affirmed.